Good morning, your honor. May it please the court, my name is Dan Donovan. I'm a lawyer from Gray Falls, Montana, and I represent the petitioner Stephen Ritchie. There's two issues here, statutory tolling and equitable tolling, and I'd like to discuss statutory tolling first. Well, it seems like we've had two cases that have come out since the district court took this case, right? I think we got a 28-J letter on one, which was Wall v. Coley, and then also Bills v. Clark. That's correct, your honor. Actually, these cases, the Holland case came out actually during the time the district court was deciding this, but the 9th Circuit, the COA directed that the statutory tolling issue be considered in light of Wall v. Coley, and I think Wall v. Coley is pretty clear it applies here to grant Mr. Ritchie relief. And under the statute, the one-year federal limitation period is told by either one, a state post-conviction proceeding, or two, other collateral review. Well, counsel, it seems to me that the facts in this case are distinguishable from Coley, where the motion for a reduced sentence appeared to be the only way to review a legally flawed sentence, and that's not true in this case. I guess I don't understand your question, your honor. The question in Coley, as I understand it, and correct me if I'm wrong, there was a motion for a reduced sentence, which appeared to be the only way to review a legally flawed sentence. Now, your client argues that the sentence review process in Montana is just like the Rhode Island process in Coley. It's not, as I understand it. In Coley, the review process was the only means by which to review a sentence that was legally flawed. The Montana process is informal, takes place in the prison, and happens after the conclusion of appeals in Habeas. It's about whether the defendant got a fair shake compared to similar defendants. Am I wrong on that? Well, I think you're right, but where they're similar, where the Montana is like the Rhode Island procedure, it's a judicial redetermination where there's three-judge panel, and it's to determine whether or not a more lenient sentence is proper. So to that extent, the Montana sentence review procedure is the same as the sentence review procedure in Rhode Island. And also, the Montana sentence review procedure is separate and distinct from any direct appeal, so I believe it has to fall under the category of collateral review under the definition of Walby-Coley. Furthermore, the Montana Supreme Court has ruled consistently that the Montana sentence review procedure is a critical stage of the proceeding to which the right of counsel applies. So I think it minimizes the importance, as the state suggests here, to call it an informal proceeding. And I think one of their rules refers to it as informal, but I think it's much more than informal, because if the accused decides to go to sentence review, the sentence can actually be increased, decreased, or remain the same. So there's a lot at issue there, and it's a very important proceeding. All right, but is it the only way to get a review? Well, it's the only way to review the leniency of a sentence, which is what's going on in the Rhode Island case. The only way to review the legality of a sentence in Montana is by direct appeal to the Montana Supreme Court. The notice has to be filed within 60 days after the entry of the judgment, and we don't have that here. So because it's not a direct appeal, I contend that under Walby-Coley, it's collateral review. But there was a possibility of direct appeal, is my question, in Montana. There's a possibility of direct appeal from the sentence if the sentence is illegal for some reason. So that makes it different than Rhode Island. So Walby-Coley isn't exactly on point for you. If the Rhode Island and the Montana statute are not exactly the same, you know, they've got to be quite similar to get the benefits of Walby-Coley, it would seem to me. Well, as I read the Rhode Island statute, it's similar and maybe the same as the old Rule 35 statute that we used to have under federal law before the guidelines came in. And the way I read it is it's a review of the sentence as to whether there's reason to impose a more lenient sentence. Isn't the point of your argument it really doesn't matter whether statutory procedures are exactly the same? The question is whether or not the Montana procedure fits under the definition of collateral review that the Supreme Court sets forth in Coley? Yes, that's basically what it boils down to. And I think the state does not and cannot deny that the Montana sentence review procedure is outside the direct review process. So the question really involves out of Walby-Coley, is Montana sentence review a judicial redetermination? I think certainly it is. There's three judges. They're different than the sentencing judge, and that makes it unlike Rhode Island. Well, since you're talking about statutory review, are you giving up your argument on equitable tolling or are you just focusing on statutory? Well, I can move on to... No, no, no. I just wonder, are you still maintaining equitable tolling, too? Yes, Your Honor. Okay. Just answer Judge DeShima's question. I'm sorry. But anyway, if the question is, is Montana sentence review a judicial reexamination, which is required under Walby-Coley, it certainly is because of the review of the sentence. Again, the sentence can be increased, decreased, or kept the same. And so from Walby-Coley, it's certainly a judicial redetermination to determine whether a more lenient sentence is appropriate. And unlike Rhode Island, at least as I read Rhode Island, the judge can't raise the sentence under the proceeding in Rhode Island, but the judge can raise the sentence in Montana. So if the Montana procedure does not fall under a direct review, it's got to be a collateral review, and therefore Walby-Coley applies. So if Walby-Coley benefits my client, then the second issue on equitable tolling really doesn't matter. But let's assume we disagree with that. Then what about the equitable tolling? Well, equitable tolling, here we maintain it's primarily based on mental impairment and attorney misconduct. And, again, we have the Holland case, the U.S. Supreme Court, which came out shortly after the district court issued his opinion here, and then my client filed for reconsideration, and the district court judge still denied it based on Holland. But the way I read the record, Mr. Ritchie has presented a lot of facts, compelling facts to support attorney negligence. He was basically abandoned by his lawyer in the state court, and he's also presented some compelling facts about his mental disabilities, that he has a low IQ, his memory is impaired. I think I've had dealings with Mr. Ritchie before, and in my concurrence I think I talked about, I cited to the BOP report on the possibility of malingering that they talked about. So I guess it's your argument that in light of the bill's case, it should go back for determination of equitable tolling? Is that what you're saying? Well, yeah, I'm really saying if there's not enough in the record, that it should go back for a bill's hearing, and I'm contending that the district judge applied the wrong standard. He applied the competency standard for whether someone was competent to proceed to trial, rather than the competency standard of whether someone was competent to essentially file a post-conviction type proceeding. Do you want to leave a little time for rebuttal? Sure do. Thank you, Your Honor. Thank you. May it please the Court, and Mr. Donovan, my name is Mark Feller for the Appellee State. Your Honor, bold E. coli does not apply to find that the sentence review process in Montana is a collateral proceeding. It is unto itself a distinct creature that is strictly, according to the Montana Supreme Court, a vehicle to address sentencing disparity. The underlying policy is to address prisoner unrest and the consistency between the types of sentences that prisoners receive. So while Mr. Donovan is correct somewhat that the State is hard-pressed to say it's part of the direct review process, the Montana Supreme Court has declared it has attributes of direct review. At the same time, it is, again, a vehicle that is sui generis. It is completely distinct and separate. If Your Honors would like, for purposes of judicial economy, it would be better to look at the statutory tolling in this case in terms of that if it applies, assuming without agreeing that wallaby coli applies, by any calculation, even under wallaby coli here, Mr. Ritchie is late. The clock began of the statutory statute of limitations in 2005, a final judgment on August 29, 2005, giving him 60 days to pursue a direct appeal, which he did not. Around October 29, 2005, then his opportunities under the statute of limitations in federal habeas begin. The clock begins there for one year to file a federal habeas petition. Now, he did file a pro se motion to withdraw, which is a type of collateral relief, and so there is some statutory tolling in some respect. But that motion to withdraw was denied, and even accounting for assuming, again, without agreeing that attorney negligence can come into play, it was still a year later that Mr. Ritchie would have approximately 11 months to file a federal habeas petition from and after 2007 and by 2008. And still by 2008, there is no federal petition. There are other instances in which he attempted, again, pro se, because this pro se defendant is a very sophisticated, self-represented petitioner, filed a late post-conviction petition in state court, and that was declared untimely. That didn't bring him any statutory tolling because it was not an appropriately filed state remedy. What the state wants to point out simply is that it, through all the E. coli issue, does not matter. This court, at least this counsel's shepherdization of this morning, that this court has never reached the issue of Wall v. Coli in its application in any state within the circuit, certainly this case does not represent the appropriate vehicle for this court to take up this issue because it doesn't matter. He's still late, even applying Wall v. Coli. So what you're really saying is that the only thing that is left for us to consider is equitable tolling. Not even that, Your Honor, because even the tolling that would have occurred statutorily, equitable tolling cannot revive or resuscitate a tolled habeas petition. Except Bill's laid out for the first time a legal standard for determining whether equitable tolling applies on account of mental impairment. Isn't that a significant enough shift to justify a remand? I mean, you know, I've dealt with him before, and I noted that, you know, and I pointed that out to appellant's counsel that, you know, the BOP thinks strongly suspected him of malingering the whole thing. So it might be a loser. But what evidence in the record allows us to include without the need for a remand that Richie was not mentally impaired under Bills? A strong demonstrable showing by the pro se filings before this court, not just in the parallel federal proceeding, but the federal habeas petition and other things that are a matter of record show that this is a sophisticated pro se litigant and that those filings alone rebut, as Judges Malloy and Lynch found below, rebut a threshold shown is still required under Bills. Bills addresses a standard of applying the correct processes after a threshold showing for equitable tolling. But if it's a different legal standard, how do I know with certainty that it's still good enough? Your Honor, the standard for whether or not a habeas petitioner has made a prima facie case for equitable tolling is still the same. Bills narrowly defined how you apply it after the equitable tolling allegations are sufficient and proceed to an evidentiary hearing in habeas. It talked about the standard to apply during evidentiary processes in habeas when a mental incompetence claim is being made. So the standard for approving a threshold showing equitable tolling has not changed in Bills. There's no effect here because what Judges Malloy and Lynch have found, there's not a credible good face showing of equitable tolling under the allegations this petitioner has made. So it doesn't matter. Well, the district court obviously did not consider Bills because Bills hadn't been decided. But he used an earlier finding of competence as a proxy for concluding that Ritchie's mental illness, if any, was not an impediment to filing a timely petition. But Bills, it seems to me, makes clear that neither a finding of competence nor the filing of other pro se petitions forecloses a finding of equitable tolling. Your Honor, what the judges in the federal court below found based upon these other studies of incompetency in the parallel federal proceedings was that the claim that Mr. Ritchie was bringing for that court, that is the habeas court in this matter, are not credible given this other history. So I don't believe Judge Malloy was making a competency determination, but simply saying that the mental incompetent claim or allegation for equitable tolling is not sufficient, is not adequate by itself. It's not adequate for various ostensible reasons based on the record. First of all, still under equitable tolling, you have to show due diligence and an extraordinary circumstance. In this case, it would be alleged mental incompetence. There's been no showing, no allegation by Mr. Ritchie, that despite the impediment of a mental deficiency, he still had to show that he was duly diligent in pursuing his rights or in attempting to... You think the record now is well enough developed, given that Bills was decided later, well enough developed to make a determination whether or not he acted diligently? That is the critical, dispositive question in applying Bills, Your Honor. It's first whether or not the record by itself is sufficient to determine that there's no adequate allegation of equitable tolling. The state says the record is sufficient, and that Judges Malloy and Lynch properly made a determination. There's no prima facie showing, and so you do not proceed to an evidentiary hearing. Bills does not mandate an evidentiary hearing every time a defendant claims mental incompetency. Well, you might be correct that they don't have to do an evidentiary hearing, and counsel, I'm sure, will probably disagree with that. But you might be correct about that, but I'm not sure that they don't have to apply the new standard and look at it through the new lens. I mean, everything's there, but look at it through the proper lens of review. Of course, but, Your Honor, it's significant that even the appellant's brief, the opening brief in this case, does not make a proper or inadequate showing of equitable tolling, even under Bills. Again, there's no pairing between the extraordinary impediment, which Bills requires, in this case. Well, when they wrote their brief, had Bills been decided? I'm not sure, Your Honor. Well, you have a little time when you come back, so no jumping from the peanut gallery there. Let me just ask about this. Where does the record show the circumstances surrounding the jailhouse assistance that Mr. Ritchie obtained? Is the record at all developed on that? The record demonstrates that Mr. Ritchie is filing these fairly sophisticated legal documents that seriously imply that he's got very adequate access to legal resources. Now, if Your Honor is referring to specific jailhouse assistance, I think somewhere in the record in the pleadings before this Court, Mr. Ritchie does signify that a period of time right before filing the federal petition on November 23, 2009, he did have the assistance of a jailhouse helper to prepare the federal petition. For a period of five months after his state habeas was denied on June 9, 2009. It was a period of five months in which he said he had assistance. Well, you know, I ask because Bills does address jailhouse assistance. He states that the use of a jailhouse lawyer does not decide the diligence issue automatically, meaning that it does not compel the conclusion that a prisoner's failure to consult a jailhouse lawyer earlier demonstrates a lack of diligence. Instead, the circumstances of that assistance, i.e., whether Ritchie had to resort to bribery or succumb to extortion to obtain that assistance matters. And as I read the record, it's silent on this issue. Am I incorrect? You may be correct, Your Honor, but it's still the petitioner's duty to prove up equitable tolling. Under the most recent precedent of the U.S. Supreme Court, this duty still is what she has to show affirmatively. Thank you, Your Honor. Thank you. Well, first off, Judge Malloy's last order, was it filed on July 14th of 2010? And the Bills case wasn't decided until then. I know that it wasn't decided. Right. The question was when you wrote your opening brief, had it been decided? I think that's what he was saying. It had been decided, yes. I brought it up in the opening brief. Okay. The mistake I made, I wasn't aware of the Certificate of Appeal Bill, and I wasn't aware of the court granting the issue on the statutory tolling based on Walby-Coli, so that's what's addressed in the supplemental brief. But anyway, if there's not enough in the record to grant Mr. Ritchie a hearing on his petition, I think there is enough in the record to send it back for either a hearing or the district court addressing the Bill. Let me ask you this on that point. What I was asking him is just because it's remanded, that doesn't necessarily entitle you to a hearing, but it would entitle you to a review under the proper lens. Do you concede that point? I mean, you're obviously going to ask for a hearing, but I can see that coming. But by the same token, a court could, in fact. I think it could, but I think some of the issues that need to be answered here is what Judge Nelson just brought up. How much help, if any, did Mr. Ritchie get from a jailhouse lawyer? Did he know independently that he had the file on time? In Bill's case, he uses the word personally. What did he personally know versus what did somebody giving him assistance, a jailhouse lawyer giving assistance know? Your time is up. Unless there's other questions, the matter will be submitted. Thank you.
judges: Nelson, Tashima, Callahan